JOURNAL ENTRY AND OPINION
On January 29, 2001, Efrain Cardona, pursuant to App.R. 26(B), applied to reopen this court's judgment in State of Ohio v. Efrain Cardona (Dec. 27, 1999), Cuyahoga App. No. 75556, unreported, which affirmed Cardona's convictions pursuant to a guilty plea. On February 27, 2001, the state filed its brief in opposition. For the following reasons, this court denies the application.
In late 1996, the grand jury indicted Cardona on fifteen counts of rape of a child under thirteen, ten counts of felonious sexual penetration and eleven counts of gross sexual imposition, all with the same girl. The grand jury also indicted him on another count of gross sexual imposition with another victim and one count of bribery. Pursuant to a plea bargain, Cardona pleaded guilty to two counts of attempted rape, four counts of gross sexual imposition and one count of bribery. The trial judge imposed five to fifteen years for each of the attempted rape charges, two years on each charge of gross sexual imposition and five years for bribery, all consecutive.
On appeal, counsel argued the following: (1) The trial court failed to follow Senate Bill 2 in imposing consecutive sentences; (2) The trial court failed to ascertain that Crim.R. 11 was followed and that Cardona's plea was knowing, intelligent and voluntary (3) Trial counsel was ineffective for not getting an interpreter and in not objecting to the consecutive sentences. This court ruled that the trial court did not follow the statute in imposing consecutive sentences on the last three counts which came under Senate Bill 2; thus, it vacated those sentences and remanded for resentencing. However, the court overruled the other two assignments of error, explicitly finding "that the requirements of Crim.R. 11(C)(2) were satisfied and appellant's guilty plea was knowing, intelligently and voluntarily made." (Slip opinion at pg. 11.)
Cardona now argues that "[t]he trial court failed in the present case to properly determine whether appellant's guilty plea was knowingly, voluntarily, and intelligently entered." (Pg. 4 of the petition.) This is exactly the same argument that appellate counsel argued in the second assignment of error. This court fully examined the record, including the claims that Cardona had a limited education, that he had a limited understanding of English, that he needed an interpreter, that he did not understand the nature or the effect of the plea, and that he did not understand the maximum potential sentence for each offense. This court ruled that those claims were meritless and that the record was clear that the trial court fulfilled its obligations under Crim.R. 11(C).
Cardona argues that his counsel coerced him into pleading guilty by promising probation. However, Cardona does not indicate in the record where this was promised or even implied. State v. Walker (Nov. 15, 1999), Cuyahoga App. No. 74773, unreported, reopening disallowed, (June 20, 2000), Motion No. 14647. Rather, the trial court explained the possible maximum sentence for each count. Moreover, to the extent that this argument is dependent upon matters outside the record, appellate arguments must be supported by the record, and appellate counsel was not deficient in not raising such an argument. State v. Mitchell (Apr. 3, 1997), Cuyahoga App. No. 70821, unreported, reopening disallowed (Feb. 24, 1998), Motion No. 84988.
In summary, Cardona merely rehashes the second assignment of error from the direct appeal which this court already fully examined and found meritless. Accordingly, this application is denied.
PATRICIA A. BLACKMON, P.J., AND COLLEEN CONWAY COONEY, J., CONCUR.